STEVEN G. KALAR
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant WOLFF

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KONRAD WOLFF,<br><br>Defendant. | No. CR-14-00638 JD<br><br>**MOTION, NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**<br><br>Date: August 13, 2015<br>Time: 1:30 p.m. |

**TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND SCOTT JOINER, ASSISTANT UNITED STATES ATTORNEY**

PLEASE TAKE NOTICE that counsel for defendant Konrad Wolff hereby moves this Court for an order suppressing all fruits of the unlawful warrantless seizures and warrant searches of his computers and other electronic devices from which the evidence supporting the charges in this case was obtained.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibits, the Fourth Amendment to the United States Constitution, all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

**TABLE OF CONTENTS**

INTRODUCTION. . . . . 1

BACKGROUND. . . . . 1

A. Warrantless seizure of Mr. Wolff's external hard drive. . . . . 1

B. State warrant to search Mr. Wolff's external hard drive. . . . . 1

C. Warrantless seizure of other electronic devices.. . . . . 3

D. Second state warrant to search other electronic devices. . . . . 3

E. Charges against Mr. Wolff.. . . . . 4

ARGUMENT.. . . . . 4

A. All fruit of the warrantless seizures of Mr. Wolff's electronic devices must be suppressed. . . . . 4

B. All fruits of the unlawful searches of Mr. Wolff's electronic devices must be suppressed. . . . . 5

CONCLUSION. . . . . 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Illinois v. Gates*, 462 U.S. 213 (1983). . . . . . . . . . 5

*United States v. Busby*, 2011 WL 6303367 (N.D. Cal. 2011). . . . . . . . . . 9

*United States v. McCain*, 271 F. Supp. 2d 1187 (N.D. Cal. 2003). . . . . . . . . . 6

*United States v. Angulo-Lopez*, 791 F.2d 1394 (9th Cir. 1986). . . . . . . . . . 6, 9

*United States v. Battershell*, 457 F.3d 1048 (9th Cir. 2006). . . . . . . . . . 6, 8

*United States v. Cervantes*, 703 F.3d 1135 (9th Cir. 2012). . . . . . . . . . 4

*United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2006). . . . . . . . . . 5

*United States v. Hill*, 459 F.3d 966 (9th Cir. 2006). . . . . . . . . . 6

*United States v. Hove*, 848 F.2d 137 (9th Cir. 1988). . . . . . . . . . 9

*United States v. Krupa*, 658 F.3d 1174 (9th Cir. 2011). . . . . . . . . . 7

*United States v. Rabe*, 848 F.2d 994 (9th Cir. 1988). . . . . . . . . . 5, 8

*United States v. Rubio*, 727 F.3d 786 (9th Cir. 1983). . . . . . . . . . 5, 6

*United States v. Underwood*, 725 F.3d 1076 (9th Cir. 2013). . . . . . . . . . *passim*

*United States v. Weber*, 923 F.2d 1338 (9th Cir. 1990). . . . . . . . . . 9, 10

### FEDERAL STATUTES

18 U.S.C. § 2252. . . . . . . . . . 4

### STATE STATUTES

Cal. Penal Code §311.4. . . . . . . . . . 8

Cal. Penal Code § 311.11. . . . . . . . . . *passim*

### OTHER AUTHORITY

U.S. Constitution, Fourth Amendment. . . . . . . . . . *passim*

## INTRODUCTION

University of California, Berkeley ["UCB"] police officers seized Mr. Wolff's hard drive and other electronic devices without a warrant. The state warrants they obtained to search these devices did not establish probable cause for the searches. Accordingly, all fruits of the unlawful seizures and searches must be suppressed.

## BACKGROUND

### A. Warrantless seizure of Mr. Wolff's external hard drive

On September 24, 2014, Mr. Wolff's wife contacted the UCB police because she "believed she had discovered child pornography on an external computer hard drive that belonged to her husband." *See* Search Warrant and Search Warrant Affidavit, ¶ 1, attached as Exhibit A to the Declaration of Angela M. Hansen ["Hansen Decl."]. The UCB police took Mr. Wolff's WD My Passport external hard drive from Ms. Wolff on September 24, 2014. *Id.* ¶ 5. Mr. Wolff was out of town at the time. *Id.* ¶ 2. There is no indication that the police had a warrant to seize Mr. Wolff's external hard drive.

### B. State warrant to search Mr. Wolff's external hard drive

The following day, September 25, 2014, a UCB officer sought a state warrant to search Mr. Wolff's external hard drive. Exhibit A. According to the affidavit in support of the warrant, Ms. Wolff said that, while using her husband's HP Pavilion laptop computer with his permission while he was out of town, she "discovered results for computer files named something similar to 'Stepfather fucking stepdaughter' and 'Two men having sex with a teenage girl.'" *Id.* ¶ 2. However, she "was not able to access either file that corresponded to these search results." *Id.*

Concerned about Mr. Wolff's "use of pornography," Ms. Wolff found the external hard drive that Mr. Wolff had bought. Exhibit A ¶ 3. Although Mr. Wolff had given his wife permission to use his HP Pavilion laptop computer, she did have permission to use his external

hard drive.[1] Indeed, according to the affidavit, Ms. Wolff "accessed the . . . hard drive after correctly guessing the password that protected it." *Id.* In fact, as she told the police, Ms. Wolff initially "did not try to access the external hard drive because she thought it was password-protected with a password she did not know." Incident Report at p.3, attached as Exhibit B to Hansen Decl. But after she "plugged in" the hard drive, "[s]he saw that the password hint was 'Moar', which means mother in Danish. . . . [She] tried various passwords until the password 'jegelskermoar' unlocked the external hard drive." *Id.*

Ms. Wolff told the police that after she guessed the password, she "explored through all the folders and sub-folders of the external hard drive," finding images that she suspected were child pornography in folders "buried deep within other folder groups." Exhibit B at p.3. According to the affidavit, Ms. Wolff "discovered what she described as 'hundreds' of images of minors engaged in sexual acts or exposing themselves in a sexual manner."[2] Exhibit A ¶ 4. The affidavit did not describe the specific "sexual acts" Ms. Wolff observed, nor did it describe how depicted minors were "exposing themselves."

The affidavit also stated that the affiant was "aware that the description of the images stored on the . . . hard drive as provided by [Ms.] Wolff are consistent with material that contains or incorporates a person under 18 years of age personally engaging in or simulating sexual conduct, and therefore unlawful pursuant to § 311.11(a) PC."[3] *Id.* ¶ 6. Based on the information

---

[1]In the discovery the evidence items are identified by three different numbering systems employed by the FBI, UCB police and by the laboratory that examined the items. In his motion, Mr. Wolff will attempt to identify the relevant evidence items using the FBI and UCB police item numbers. For example, the external hard drive is FBI item number 1B9 and UCB item 1. The HP Pavilion laptop computer, together with the internal hard drive, is FBI item 1B11 but is listed as item 3 on UCB reports and in the warrant. Hansen Decl. ¶ 7.

[2]Ms. Wolff estimated that the female children in the images "ranged in age from 8 to 14 years old, although most of them were age 8 to 10 years old." Exhibit A ¶ 4.

[3]Although the affiant has been a police officer since 1996, there is no indication in his affidavit that he has had any specialized training in or experience with child-pornography cases. Exhibit A.

from Ms. Wolff and his characterization of the images based solely on the vague information she provided, the affiant asserted that there was probable cause to seize and search the hard drive. *Id.* A state-court judge issued a warrant to search the hard drive on September 25, 2014, and the affiant submitted the hard drive to an Alameda County laboratory for forensic analysis on that date. *See* Second Search Warrant and Search Warrant Affidavit, ¶ 6, attached as Exhibit C to the Hansen Decl.

**C. Warrantless seizure of other electronic devices**

Also on September 25, 2014, the UCB police seized from Mr. Wolff's home, without a warrant, additional electronic devices, including "two laptops, a tablet, a digital camcorder, two cell phones, and six thumb drives."[4] *See* Supplemental Narrative Report, attached as Exhibit D to Hansen Decl. There is no indication that the police had a warrant to seize any of the devices belonging to Mr. Wolff.

**D. Second state warrant to search other electronic devices**

On September 30, 2014, the same affiant sought a warrant to search the electronic devices seized without a warrant from Mr. Wolff's home on September 25, 2014. Exhibit C. The affidavit in support of this second warrant was almost the same as the affidavit in support of the September 25 affidavit. *Compare* Exhibit A *with* Exhibit C. However, the September 30, 2014 affidavit included one additional paragraph, based on the affiant's training and experience, about the behavior and habits of pedophiles. Exhibit C ¶ 8. The affidavit concluded with the affiant's opinion, based on the pedophile-profile information, that the other devices "are likely to contain additional evidence of Konrad Wolff's unlawful possession" of child pornography. *Id.* ¶ 9. A

[4]Specifically, on September 25, 2014, the UCB police seized the following from Mr. Wolff's home: an HP Pavilion laptop described in Section B, above, on which Ms. Wolff reported that she could find no images (FBI item 1B11; UCB item 3); an Acer Aspire One laptop that belonged to Ms. Wolff (FBI item 1B10; UCB item 2); an ASUS Nexus tablet (FBI item 1B12; UCB item 4); a Samsung camcorder (FBI item 1B13; UCB item 5); a Blackberry phone (FBI item 1B14; UCB item 6); an LG phone (FBI item 1B15; UCB item 7); and six thumb or "flash" drives, two of which are identified as one exhibit (FBI items 1B16 through 1B20; UCB items 8 through 12). Hansen Decl. ¶ 7.

state-court judge issued the search warrant on September 30, 2014. The affidavit did not include any information concerning any forensic analysis of the external hard drive that had been submitted to the laboratory five days earlier.

**E. Charges against Mr. Wolff**

On December 18, 2014, the government filed an indictment charging Mr. Wolff with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The government filed a two-count superseding indictment against Mr. Wolff on February 19, 2015, alleging both possession (18 U.S.C. § 2252(a)(4)(B)) and receipt (18 U.S.C. § 2252(a)(2)) of child pornography. The charges are based on images found on some of the electronic devices seized without a warrant from Mr. Wolff's home and searched pursuant to the state warrants.[5]

**ARGUMENT**

Officers seized numerous electronic devices belonging to Mr. Wolff without a warrant. They searched these devices pursuant to warrants that did not establish probable cause for the searches. For the reasons discussed below, all fruits of the unlawful seizures and searches must be suppressed.

**A. All fruits of the warrantless seizures of Mr. Wolff's electronic devices must be suppressed**

"Because warrantless searches and seizures are per se unreasonable, the government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012). Unless the government carries its heavy burden, *id.* at 1142 n.1, all fruits of the Fourth Amendment violation must be suppressed. *Id.* at 1143.

UCB police officers seized Mr. Wolff's hard drive without a warrant. The following day, they seized several other electronic devices from Mr. Wolff's home without a warrant. The

[5]The superseding indictment seeks forfeiture of the WD My Passport external hard drive (FBI item 1B9; UCB item 1), the HP Pavilion laptop and its internal hard drive (FBI item 1B11; UCB item 3), and two thumb drives (FBI items 1B16 and 1B19; UCB items 8 and 11).

government cannot carry its burden of establishing that the warrantless seizures do not violate the Fourth Amendment. Accordingly, all fruits of the unconstitutional seizures must be suppressed.

**B. All fruits of the unlawful searches of Mr. Wolff's electronic devices must be suppressed**

To be constitutionally valid under the Fourth Amendment, a search warrant affidavit must establish probable cause. Specifically, the Fourth Amendment "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense . . . will be found on the premises sought to be searched at the time the warrant is issued." *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988); *see also United States v. Rubio*, 727 F.3d 786, 795 (9th Cir. 1983) ("The magistrate must be provided with sufficient facts from which he may draw the inferences and form the conclusions necessary to a determination of probable cause.").

Determining whether an affidavit establishes "probable cause" is a fact-intensive exercise, depending upon the "totality of the circumstances" and "factual, practical considerations." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). The *Gates* totality-of-the-circumstances test "applies with equal force to cases involving child pornography on a computer." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006). Probable cause in this context means a "fair probability that contraband or evidence is located in a particular place." *Gates*, 462 U.S. at 231. "A reviewing court should find that probable cause is not met when the issuing judge lacked a substantial basis for concluding that probable cause existed." *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (internal quotation marks, brackets and ellipses omitted).

Whether probable cause exists ultimately depends on whether the affidavit presents enough information for a magistrate independently to determine probable cause. The magistrate's issuance of a warrant "cannot be a mere ratification of the bare conclusion of others." *Gates*, 462 U.S. at 230. An affidavit must contain more than "mere conclusory

allegations that a suspect was engaged in criminal activity." *United States v. Angulo-Lopez*, 791 F. 2d 1394, 1397 (9th Cir. 1986); *see also, e.g.*, *Rubio*, 727 F.2d at 795 (holding that affidavits that described indicia typically kept by Hell's Angels, included facts establishing that defendants were Hell's Angels associates and stated that defendants had been indicted for associating with RICO enterprise (Hell's Angels) did not establish probable cause; "the magistrate had no substantial basis for concluding that probable cause existed"); *United State sv. McCain*, 271 F. Supp. 2d 1187, 1194-95 (N.D. Cal. 2003) (holding that misstatements in affidavit about source of information "prevented the magistrate from exercising proper judgment"). Rather, "[a]n affidavit *must recite underlying facts* so that the issuing judge can draw his or her own reasonable inferences and conclusions; it is these facts that form the central basis of the probable cause determination." *Underwood*, 725 F.3d at 1081 (emphasis added).

Both affidavits in this case depended on the affiant's statement that Ms. Wolff discovered on Mr. Wolff's hard drive "what she described as 'hundreds' of images of minors engaged in sexual acts or exposing themselves in a sexual manner." Exhibit A ¶ 4; Exhibit C ¶ 4. This statement did not give the state-court judge the necessary factual basis for making the necessary independent judgment about probable cause. "Child pornography is a particularly repulsive crime, but not all images of nude children are pornographic." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). "[T]he more precise question we must answer is whether the officer's affidavit established probable cause that the images on the defendant's computer were – as described – lascivious." *Id.* at 970-71.

Neither affidavit in this case included *any* description of *any* suspected child-pornography image. *Cf. id.* at 968-69, 972-73 (citing and relying on affidavit's detailed description of images to conclude that it established probable cause). No images of suspected child pornography were attached to either affidavit or otherwise submitted to the state-court judge who issued the warrants. *See United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006) (holding that affiant's "terse description" of photograph – "'a young female (8-10 YOA) naked in a bathtub'"

– "absent an accompanying photograph, is insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area because his conclusory statement is an inherently subjective analysis and it is unclear if the photograph exhibited the young female's genitals or pubic area."). According to the affidavits, Ms. Wolff characterized the images as "minors engaged in sexual acts or exposing themselves in a sexual manner," Exhibit A ¶ 4; Exhibit C ¶ 4, but the affidavits gave no indication or example of the specific conduct or even the type of conduct that she, a lay person, meant.

There also is no indication that the affiant, or any other law-enforcement officer, viewed the suspicious images and determined, based on his or her knowledge, experience and expertise, that the images were, in fact, child pornography. *Cf. United States v. Krupa*, 658 F,.3d 1174, 1178 (9th Cir. 2011) (holding that, because affidavit included affiant's "qualifications as a trained investigator of computers for computer crimes and child pornography," the magistrate "was entitled to give some deference to the agent's statement that the photograph constituted an 'image of suspected contraband,' even though the affidavit's description of the photograph did not necessarily support the conclusion that the photograph constituted child pornography."). On the contrary, the affiant's opinion that the images were "consistent with" child pornography was based solely on Ms. Wolff's characterization "of the images stored on the 'WD My Passport' external hard drive." Exhibit A ¶ 6; Exhibit C ¶ 6. Other than the affiant's second-hand recounting of Ms. Wolff's vague depiction of what she discovered on Mr. Wolff's hard drive, the affidavits did not include any facts suggesting that contraband or evidence of criminal activity would be found on the hard drive or other devices.[6] *Cf. Krupa* at 1178-79 (citing suspicious

---

[6]The affidavits did include information from Ms. Wolff that she saw "results for computer files named something similar to 'Stepfather fucking stepdaughter' and "Two men having sex with a teenage girl" on the HP Pavilion laptop Exhibit A ¶ 2; Exhibit C ¶ 2. This observation does not support a finding of probable cause because: (1) Ms. Wolff "was not able to access either file that corresponded to these search results," *id.*; (2) the results she allegedly saw were on Mr. Wolff's laptop, which was not the subject of the first affidavit or warrant; (3) there was no evidence presented to the state-court judge that file titles accurately reflect the content of files; and (4) even if there was, "stepdaughter" and "teenage girl" do not necessarily

circumstances in addition to photograph to support finding of probable cause).

The affiant's opinion that the images Ms. Wolff allegedly discovered on Mr. Wolff's hard drive were "unlawful pursuant to § 311.11(a)" of the California Penal Code, Exhibit A ¶ 6; Exhibit C ¶ 6, also is not entitled to any weight. The affiant's opinion depends on Ms. Wolff's "description of the images." Exhibit A ¶ 6; Exhibit C ¶ 6. But Ms. Wolff's description – "minors engaged in sexual acts or exposing themselves in a sexual manner" (Exhibit A ¶ 4; Exhibit C ¶ 4) – does not necessarily put the images within the statutory definition.[7] *See* Cal. Penal Code § 311.11(a) (criminalizing the knowing possession of any image of "a person under 18 years of age personally engaging in or simulating sexual conduct"); Cal. Penal Code § 311.4(d)(1) (defining "sexual conduct" for purposes of the statute)[8]; *see also Battershell*, 457 F.3d at 1051-54 (discussing and applying federal and state definitions of "sexually explicit

---

indicate minors. *See* Cal. Penal Code § 311.11(a) (prohibiting images of "person under 18 years of age" "personally engaging in or simulating sexual conduct").

[7]Both warrants also use this language – "engaged in sexual acts or exposing themselves in a sexual manner" – to describe the evidence to be seized. Exhibit A at 1; Exhibit C at 1. To the extent that this language covers more conduct than the statutory language, the warrants are insufficiently particular in violation of the Fourth Amendment. *Cf. United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988) (upholding particularity of warrant that mostly "limited the officer's search to materials 'depicting minors engaged in sexually explicit conduct as those terms are defined in 18 U.S.C. 2255'").

[8]"Sexual conduct" is

> sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals.

Cal. Penal Code § 311.4(d)(1).

conduct" in determining whether affidavit established probable cause).

"It is critical to a showing of probable cause that the affidavit state *facts* sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Hove,* 848 F.2d 137, 140 (9th Cir. 1988) (emphasis added). The magistrate cannot rely solely on the affiant's "conclusory allegation," *Angulo-Lopez*, 791 F.2d at 1397, that images constituted child pornography when the affidavit's description of them did not even meet the statutory definition of child pornography. "Conclusions of the affiant unsupported by underlying facts cannot be used to establish probable cause." *Underwood*, 725 F.3d at 1081. The affidavits did not give the state-court judge a substantial basis for finding that a crime had been committed or that evidence of that crime would be found in Mr. Wolff's hard drive or other electronic devices.

In a similar case, Senior District Judge Saundra Brown Armstrong granted a motion to suppress based on a factually deficient warrant, also submitted to a state-court judge by a UCB police officer. *See United States v. Busby*, 2011 WL 6303367 at **6-10 (N.D. Cal. 2011) (unpublished) (Exhibit E to Hansen Decl.). The district court granted a motion to suppress fruits of the search of Mr. Busby's home for evidence of child pornography, based on warrant obtained by UCB police, because "the state court judge lacked a substantial basis for finding probable cause to issue a search warrant for Defendant's home." *Id*. at *10. The images were not submitted to the judge, and the "vague" descriptions in the affidavit "[did] not support [the affiant's] assertion that the files 'contain illegal child pornography as specified in Penal Code § 311.1.'" *Id*. at *8.

In this case, although the affidavit in support of the second state search warrant for the other electronic devices included an additional paragraph about the behaviors and habits of pedophiles, Exhibit C ¶ 8, it still did not establish probable cause to search the additional electronic devices. The Ninth Circuit has rejected the use of boilerplate language detailing the general behaviors of "pedophiles," holding that such language does not establish probable cause

unless the affidavit also includes facts indicating that the defendant is a pedophile. *See United States v. Weber*, 923 F.2d 1338, 1343 (9th Cir. 1990) ("[I]f the government presents expert opinion about a particular class of persons, for the opinion to have any relevance, the affidavit must lay a foundation which shows that the suspected person is a member of the class."). Here, as in *Weber*, the affidavit neither defined "pedophile" nor included "concrete evidence" that the defendant possessed child pornography, expert opinion that he was a pedophile or "enough information [for the expert] to make a judgment as to whether the defendant fit the profile of a 'pedophile.'" 923 F.2d at 1345; *see also Underwood*, 725 F.3d at 1083 (rejecting reliance on affidavit's opinions about "drug traffickers' general habits" when affidavit "not only fails to define 'drug trafficker' but it also provides no *facts* to support the conclusion that Underwood is in the business of buying and selling ecstasy" (emphasis in original)). Because the second affidavit included "opinions and conclusions" about a class of people to which it failed to establish Mr. Wolff belonged, it did not give the state-court judge a substantial basis for finding probable cause to search the additional electronic devices.

In sum, the affidavits in support of the two search warrants to search Mr. Wolff's hard drive and other electronic devices did not give the state-court judge an adequate basis for making the necessary *independent* determination of probable cause to believe that a crime had been committed and that contraband or evidence would be located on the devices. Accordingly, the warrants were not based on probable cause. The searches of Mr. Wolff's hard drive and other electronic devices violated the Fourth Amendment, and all fruits thereof must be suppressed.

## CONCLUSION

For the reasons stated above, the Court should suppress all fruits of the unlawful seizures and searches of Mr. Wolff's external hard drive and other electronic devices.

Dated: July 6, 2015

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/S/ Angela M. Hansen
ANGELA M. HANSEN
Assistant Federal Public Defender